Daniel, J.
 

 The first section of the attachment Act
 
 (Rev. Slat,
 
 c, 8) authorizes
 
 any person
 
 to issue an original attachment against any person indebted to him, who hath removed or is removing himself out of the County privately, or so absents or conceals himself, that the ordinary process of law cannot be served on him. The attachment shall be returned to the Court where the suit is cognizable, and it shall be deemed the leading process.
 

 There is nothing in this section of the ^statute, excluding anon-resident creditor from having the benefit of it against a resident debtor, who has absconded, or so conceals himself, that the ordinary process of law cannot be served on him. To suppose that the Legislature did not intend to extend this, additional remedy to foreign creditors, to be exercised in our own Courts, against our own citizens, who might abscond or conceal themselves, so that the common law process could not be served on them, is to suppose that the Legislature was willing to leave foreign creditors remediless in recovering their debts of our citizens, although they might fraudulently avoid the ordinary process of the common law to bring them before the Court — a supposition which
 
 *247
 
 we cannot for a moment entertain. It is said for the defendant, that the attaching creditor is required by the act to give bond and surety to indemnify the debtor, if the attachment is improperly sued out, and therefore, if a foreign creditor should be construed to be within the act, a citizen of our State would have a very poor chance of indemnity under such a bond, if he should become entitled to sue upon it. To this argument, the answer is, that the Judge or Justice, who is to take-the bond, would, it is presumed, never take a surety to it, who resided out of the State. The second section of the act relative to nonresident debtors, and the decisions of this Court, which have been referred to,
 
 Broghill
 
 v.
 
 Wellborn,
 
 4
 
 Dev.
 
 511,
 
 Taylor
 
 v.
 
 Buckley, 5
 
 Ired. 384, give us no aid upon the question now before us, which arises now for the first time. V/o are of opinion, that the plaintiffs being nonresidents is not a ground to support the plea in abatement, and that the demurrer should therefore have been sustained. The judgment must be reversed, with costs in this Court and the Courts below, and judgment of
 
 re-spondeat ouster
 
 entered, and the cause remitted', that further proceedings may be had therein according to law and right.
 
 Casey
 
 v. Harrison, 2
 
 Dev.
 
 244.
 

 Pee Curiam. Judgment accordingly.